**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DONNY C. PICKARD**                                                                                      **PLAINTIFF**

**V.**                                   **CASE NO. 4:11CV00222 BRW**

**KARL BYRD**                                                                                              **DEFENDANT**

**ORDER**

Plaintiff Donny Pickard, an Arkansas Department of Correction ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983, and is proceeding *in forma pauperis*. Because Mr. Pickard's original complaint was deficient, he was ordered to file an amended complaint. He has now filed his amended complaint.

Federal courts screen prisoner complaints that seek relief against a government entity, officer, or employee. Any claim that is legally frivolous or malicious, fails to state a claim for relief, or seeks money from a defendant who is immune from paying damages is dismissed at the screening stage.[1]

Mr. Pickard originally claimed that he was unlawfully searched by Pulaski and Faulkner County deputies. Because Mr. Pickard named only Sheriff Byrd as a Defendant and did not identify the individuals involved in the search, he was instructed to amend his complaint to identify the individual officers who acted unconstitutionally.

Mr. Pickard has now identified the proper Defendants in his amended complaint: Pulaski County Officers Jody Gieber, Christopher Lee Garner, David Potter and Lt. Potter; and Faulkner County Officers Todd Mize, Mark Mushrush, and William Tapley. Service for all of those Defendants is now appropriate.

---

[1] 28 U.S.C. § 1915A.

1

The Clerk of Court is directed to prepare summonses for Defendants Gieber, Garner, David Potter, Lt. Potter, Mize, Mushrush, and Tapley. The United States Marshal is directed to serve these Defendants with copies of the complaint, the amended complaint, all attachments[2], and summonses, without prepayment of fees and costs or security. Service for Defendants Gieber, Garner, David Potter, and Lt. Potter should be through the Pulaski County Sheriff's Department, 2900 South Woodrow, Little Rock, Arkansas 72204. Service for Defendants Mize, Mushrush, and Tapley should be through the Faulkner County Sheriff's Department, 801 Locust Street, Conway, Arkansas 72032.

Mr. Pickard originally included a claim that Faulkner County deputies acted negligently in the return of his personal property. The Court advised Mr. Pickard that negligence cannot support a claim under 42 U.S.C. § 1983.[3] A prisoner cannot bring a § 1983 claim for the intentional or negligent loss of personal property, so long as the state provides some sort of remedy.[4]

The State of Arkansas provides a remedy for loss of property through its Claims Commission.[5] Accordingly, that claim is DISMISSED, without prejudice.

---

[2]Docs. No. 2 and 8.

[3]See *Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005) (en banc) (noting that mere negligence is insufficient to establish liability under § 1983).

[4]See *Skinner v. Missouri*, Case No. 06–1512, 2007 WL 315364 (8th Cir. Feb. 5, 2007) (unpublished opinion) (holding that a Missouri prisoner did not state a § 1983 due process claim regarding the confiscation of money from his inmate trust account because he had an adequate state remedy), and *Williams v. Campbell*, Case No. 00–3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001) (unpublished opinion) (holding that the defendants' failure to return the property seized from a prisoner did not violate the due process clause because the prisoner could file a claim before the Arkansas Claims Commission).

[5]See ARK. CODE ANN. § 19–10–204(a) (vesting the Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions.").

Finally, Mr. Pickard originally named Sheriff Karl Byrd as a Defendant, but he did not identify Sheriff Byrd in his amended complaint as one of the officers involved in the search giving rise to this lawsuit.  It is unclear whether Mr. Pickard wants to proceed against Defendant Byrd.  Mr. Pickard has fourteen days to notify the Court whether Defendant Byrd should remain as a Defendant in this case.  Otherwise, Sheriff Byrd will be dismissed as a Defendant.

IT IS SO ORDERED this 22nd day of June, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

3

Finally, Mr. Pickard originally named Sheriff Karl Byrd as a Defendant, but he did not identify Sheriff Byrd in his amended complaint as one of the officers involved in the search giving rise to this lawsuit.  It is unclear whether Mr. Pickard wants to proceed against Defendant Byrd.  Mr. Pickard has fourteen days to notify the Court whether Defendant Byrd should remain as a Defendant in this case.  Otherwise, Sheriff Byrd will be dismissed as a Defendant.

IT IS SO ORDERED this 22nd day of June, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE