**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DONNY C. PICKARD,**                                                          **PLAINTIFF**
**ADC # 117212**

**V.**                  **CASE NO. 4:11CV00222 BRW-BD**

**KARL BYRD**, *et al.*                                                     **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I**.      **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II.   Background:

Mr. Pickard filed this case alleging that his fourth amendment rights were violated when Pulaski and Faulkner County deputies conducted an illegal search of his property. He also alleges that the deputies seized his watch, cell phone, and wallet, as well as the keys to his truck and motorcycle. Although Mr. Pickard did not originally identify the deputies involved in the search, he later filed an amended complaint identifying the Pulaski County officers as Jody Gieber, Christopher Garner, David Potter, and Lt. Jim Potter. He identified the Faulkner County deputies as Todd Mize, Mark Mushrush, and William Tapley.

The Court previously dismissed Mr. Pickard's claim that Faulkner County deputies acted negligently in the return of his personal property. In addition, the Court instructed Mr. Pickard to advise the Court whether he wanted to proceed against Sheriff Karl Byrd, who was named as a Defendant in the first complaint, but not in the amended complaint.

The Defendants have now filed five separate motions to dismiss. (Docket entries #19, #31, #34, #42, and #47) They contend that Mr. Pickard has failed to state a

constitutional claim under 42 U.S.C. § 1983. Mr. Pickard has not responded to any of the motions.[1]

The Court recommends that Mr. Pickard's claims be DISMISSED, without prejudice, on the Court's own motion. The motions to dismiss (#19, #31, #34, #42, and #47) should be DENIED as moot.

### III.   Discussion:

Under federal law, if a plaintiff is proceeding *in forma pauperis*, as Mr. Pickard is, the Court may dismiss an action at any time if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)((ii).

Here, in his prayer for relief, Mr. Pickard requests that his criminal conviction be overturned or the terms of his sentence be altered, and that he be compensated for the loss

---

[1] Mr. Pickard filed one response in this lawsuit in which he claims that he wrote the Arkansas State Claims Commission regarding his claim that Faulkner County deputies acted negligently in returning his personal property, but was informed that he could not bring this claim before the Commission.
    In *Butler v. Smith*, 208 F.3d 217 (8th Cir.2000) (unpublished table decision), the Eighth Circuit Court of Appeals determined that a county prisoner who alleged that he was wrongly charged for meals while housed at a county jail had an adequate post-deprivation remedy in state court and, thus, could not seek relief under § 1983. Specifically, the Eighth Circuit noted that one available remedy was a common-law conversion action for the wrongful possession or disposition of another's property. *Butler*, 208 F.3d at *1 (citing *McQuillan v. Mercedes-Benz Credit Corp*., 331 Ark. 242, 961 S.W.2d 729, 732 (1998)). Accordingly, Mr. Pickard is correct that he cannot bring this action before the Arkansas State Claims Commission; he may bring a state-court action, however, for conversion.

of his personal property. Because the Court previously determined that this is not the correct forum for Mr. Pickard to assert his claim for lost property, Mr. Pickard's only remaining claim is that the Court overturn or alter his criminal sentence.

The Court cannot provide Mr. Pickard this relief in an action brought under 42 U.S.C. § 1983. The Supreme Court has held that a habeas corpus petition is the exclusive avenue to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

### IV. Conclusion:

Mr. Pickard's claim regarding the alleged unconstitutional search should be DISMISSED without prejudice because it does not state a claim for relief under 42 U.S.C. § 1983. The motions to dismiss (#19, #31, #34, #42, and #47) should be DENIED as moot.

DATED this 21st day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE